UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRIANDIOS K. COTY, | ) |
| Petitioner, | ) |
| v. | ) No. 1:19-cv-00880-JMS-DLP |
| WENDY KNIGHT, | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Triandios Coty for a writ of habeas corpus challenges a December 4, 2018, prison disciplinary proceeding identified as CIC 18-11-0256. For the reasons explained in this Entry, Mr. Coty's habeas petition must be denied.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On November 22, 2018, Correctional Officer Boone issued a conduct report charging Mr. Coty with failing to stand count or being late to count in violation of Code B-251. Dkt. 9-1. The conduct report states:

> On 11-22-18 [at] approximately 10:00 pm I Ofc J. Boone was securing doors for count. Three buzzers had been given. I had already given the order to lockdown. The camera footage showed offender Coty, Triandios (196504, 3A-6c) coming out of the TV Room. Offender Coty proceeded to get hot water from the hot pot. Offender Coty was clearly late for count. I saw this when I reviewed the camera for a sep[a]rate incident. The camera shows after I finished securing doors on the Bottom (2) Range of c-unit, I am upstairs at cell 20-4c at 9:53:20[.] [T]he offender runs to the hot water machine. He runs back to his cell at 9:53:59.

*Id*.

Mr. Coty was notified of the charge on November 28, 2018, when he was served with the conduct report and the Notice of Disciplinary Hearing (screening report). Dkt. 9-1; dkt. 9-2. The screening report, signed by Mr. Coty, noted that Mr. Coty requested a lay advocate, who was later appointed, but that he did not request any witnesses or evidence. Dkt. 9-2.

A disciplinary hearing was conducted on December 4, 2018. Dkt. 9-4. In finding Mr. Coty guilty of violating Code B-251, the hearing officer relied on the conduct report, Officer Robinson's video review that "Coty was in his cell, but then came back out," and Mr. Coty's statement that, "I was in my room at count time." *Id*. As a result of the guilty finding, Mr. Coty was sanctioned with the deprivation of 30 days of earned credit time and the demotion of one credit class, which was suspended. *Id*.

Mr. Coty filed appeals to the Facility Head and the Final Reviewing Authority. Dkt. 9-5; dkt. 9-7. Both appeals were denied. Dkt. 9-6; dkt. 9-7. Mr. Coty then brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Coty contends that (1) he was not given proper notice of the conduct report; (2) there was insufficient evidence to support the hearing officer's finding of guilt; and (3) he was denied evidence.

#### 1. *Improper Notice of Conduct Report*

Mr. Coty contends that he was not properly notified of the conduct report. Inmates are entitled to advance notice of the charge. The conduct report was issued on November 22, 2018, and Mr. Coty was given notice of the charge when he received the screening report on November 28, 2018. Dkt. 9-2. The disciplinary hearing was held on December 4, 2018; Mr. Coty was provided 24 hours' notice of the charge against him before the hearing was conducted. Dkt. 9-4.

Mr. Coty is not entitled to relief on this basis.

#### 2. *Sufficiency of Evidence*

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Coty was found guilty of violating Code B-251. Dkt. 1 at 1. Code B-251, interfering with counts, prohibits "[f]ailing to stand count, being late for count, or interfering with the taking

of the count." Dkt. 9-8. In his petition, Mr. Coty asserts that he was in the T.V. room in the bottom range of the unit, which was not secured as Officer Boone indicated. Dkt. 1 at 5. During the disciplinary hearing, Mr. Coty stated that he "was in [his] room at count time." Dkt. 9-4. Mr. Coty also argues that count time was at 10:00 p.m. and the conduct report alleges that he ran back to his cell at 9:53:59. Dkt. 1 at 4. In addition, Mr. Coty contends that he was never identified as the offender on camera. *Id.*

Mr. Coty is asking the Court to reweigh the evidence considered by the hearing officer and assign more weight to his statements than did the hearing officer. When examining the sufficiency of the evidence in a habeas proceeding, the Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). Instead, the Court must limit its inquiry "to whether any reliable evidence exists to support the conclusions drawn by the hearing officer." *Id*

The hearing officer indicated that the finding of guilt was based on Mr. Coty's statement, the conduct report, and the video review. Dkt. 9-4. The question before the Court is "whether there is *any evidence* in the record that could support the conclusion" that Mr. Coty violated Code B-251. *Hill*, 472 U.S. at 455–56 (emphasis added). The conduct report states that Mr. Coty "was clearly late for count," dkt. 9-1, and the video review stated that Mr. Coty "was in his cell, but then came back out." Dkt. 9-4. This constitutes "some evidence" in support of the hearing officer's finding of guilt.

Mr. Coty is not entitled to habeas relief on this basis.

### 3. *Denial of Evidence*

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result. *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). When prison administrators believe a valid justification exists to withhold evidence, "'due process requires that the district court conduct an in camera review' to assess whether the undisclosed [evidence] is exculpatory." *Johnson v. Brown*, 681 Fed. Appx. 494, 497 (7th Cir. 2017) (quoting *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003)).

Mr. Coty did not request any witnesses or physical evidence in the screening report. Dkt. 9-2. In his petition, however, Mr. Coty claims he later submitted a request for the log book with the count time, video evidence, and a statement from a correctional officer other than Correctional Officer Boone. Dkt. 1 at 5. The respondent asserts that Mr. Coty's request was never received by any facility personnel. Dkt. 9 at 5.

The video was, in fact, reviewed by Officer Robinson who stated that Mr. Coty "was in his cell, but then came back out." Dkt. 9-4. With respect to the log book and statement from another correctional officer, Mr. Coty does not identify the correctional officer, explain what the correctional officer would have stated, how such evidence would have been exculpatory, or that he was prejudiced by the denial of this evidence. Mr. Coty is not entitled to relief on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Coty to the relief he seeks. Accordingly, Mr. Coty's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/28/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TRIANDIOS K. COTY
196504
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov